

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| Bernadine Wilbourn, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 CV 2068 |
| | ) | |
| | ) | Judge Lefkow |
| Advantage Financial Partners, LLC; | ) | |
| Randy Rantz; Leonard Lombardo; | ) | |
| Peter Fricano; Kelly E. McMullin; | ) | |
| Kitty Jo McMullin; GMAC Mortgage, LLC; | ) | |
| Pedro Ramos d/b/a PV General Contractors; | ) | |
| Inc., and Unknown Owners, | ) | |
| | ) | |
| Defendants. | ) | |

### CONSENT JUDGMENT

This cause coming to be heard on the agreed motion of all parties who have appeared in this action to enter a Consent Judgment quieting title in favor of Plaintiff Bernadine Wilbourn ("Plaintiff" or "Ms. Wilbourn"), Plaintiff and Defendants GMAC Mortgage, LLC ("GMAC"), Peter Fricano ("Fricano"), and Defendants Kelly E. McMullin and Kitty Jo McMullin (together "The McMullins") having appeared by and through their counsel; and the Court having been duly advised in the premises,

THE COURT HEREBY FINDS, ADJUDGES AND ORDERS AS FOLLOWS:

1.      The Court has jurisdiction of the parties and of the subject matter, and proper venue lies in the United States District Court for the Northern District of Illinois, Eastern Division.

2.      The real estate which is the subject-matter of this cause (the "Property") is located at 1042 N. Avers, Chicago, Cook County, Illinois, and is legally described as follows:

> LOT 7 IN BLOCK 3 IN THOMAS J. DIVAN'S SUBDIVISION OF THE WEST ½ OF THE SOUTHWEST ¼ OF THE SOUTHWEST ¼ AND THE EAST ½ OF THE NORTHWEST ¼ OF THE SOUTHWEST ¼ OF SECTION 2, TOWNSHIP 39 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

6316068v1 869742

PIN 16-02-311-025-0000.

3.    Plaintiff and Defendants GMAC, Fricano, and The McMullins are parties to this action and freely join in this Consent Judgment and the associated Settlement Agreement incorporated hereinto.

4.    Defendant Advantage Financial Partners, LLC ("AFP") was served in this action on March 5, 2009, failed to appear or answer, and was defaulted. Defendant Pedro Ramos d/b/a PV General Contractors, Inc. ("Ramos"), was served in this action on July 24, 2009, failed to appear or answer, and was defaulted.

5.    Defendant Randy Rantz ("Rantz") filed a chapter 7 bankruptcy petition, listed the debt alleged against him in this action, and received a discharge on October 18, 2010. In re Rantz, 10-29973. As such, no claim, debt, or liability is asserted against Rantz, who is dismissed from this action.

6.    Defendants Leonard Lombardo and Unknown Owners were not served and are dismissed from this action.

7.    All conveyances of title and liens including and depending on the conveyance from Plaintiff to AFP recorded on December 21, 2006 (Cook County Recorder of Deeds Doc. No. 0635511043) are declared to be void ab initio and of no legal effect. These include, without limitation, the following: (1) title conveyance from Plaintiff to AFP recorded on December 21, 2006 (Cook County Recorder of Deeds Doc. No. 0635511043); (2) title conveyance from AFP to The McMullins recorded on April 10, 2007 (Cook County Recorder of Deeds Doc. No. 0710005167); (3) mortgage lien executed by AFP in favor of West Suburban Bank recorded on December 21, 2006 (Cook County Recorder of Deeds Doc. No. 0635511044); (4) mortgage lien executed by The McMullins in favor of Bank United recorded on April 10, 2007 (Cook County Recorder of Deeds Doc. No. 0710005168); (5) mortgage lien executed by The McMullins in favor of AFP recorded on May 23, 2007 (Cook County Recorder of Deeds Doc. No. 0714348062); (6) mechanics liens recorded in favor of Ramos on July 28, 2008 (Cook County Recorder of Deeds Doc. Nos. 0821049015 and 0821049016).

6316068v1 869742

8.     In connection with the above record transfer of title to The McMullins, a mortgage lien in the face amount of $207,000 was executed by The McMullins in favor of Bank United, and subsequently acquired by GMAC ("Bank United Mortgage"). Certain proceeds of the Bank United Mortgage were disbursed to satisfy an existing mortgage recorded against the Property on September 30, 1998 (Cook County Recorder of Deeds Doc. No. 98874770), when record title was still held by Plaintiff ("Wilbourn Mortgage"). While the Bank United Mortgage is hereby declared to be extinguished and of no effect, GMAC is hereby recognized to hold a valid and enforceable equitable lien in the amount of $90,000 arising out of the satisfaction of the Wilbourn Mortgage ("Equitable Lien").

9.     Full legal and equitable title to the Property shall be, and is by this means, quieted, established, declared to be, and confirmed in, Plaintiff Bernadine Wilbourn, free and clear of all claims of each and every Defendant, named in the caption of this Consent Judgment, subject only: (1) to the lien of general and special real estate taxes, and to covenants, easements and restriction of record (if any), none of which covenants, easements, or restrictions which may have expired by limitation or otherwise shall be deemed revived hereby; and (2) to the Equitable Lien established in favor of GMAC as set forth above, hereby agreed and declared to be a first mortgage in the amount of $90,000, said sum bearing statutory interest of 5% per annum commencing ninety (90) days from the entry of this judgment. GMAC and its successors and assigns shall have all rights to enforce the Equitable Lien as necessary as an equitable mortgage under the Illinois Mortgage Foreclosure Law, 735 ILCS 5/15-1101 et seq. Should GMAC or its successors or assigns commence a foreclosure action to enforce the Equitable Lien, Plaintiff or her successors or assigns shall have no rights of reinstatement and any rights of redemption shall be shortened such that they do not exceed the periods set forth in the Illinois Mortgage Foreclosure Law at 735 ILCS 5/15-1603(b)(3), namely, the right to redeem shall expire at the end of the later of ninety (90) days from the date the titleholder is served or the date sixty (60) days after the judgment of foreclosure is entered.

6316068v1 869742

10. Plaintiff agrees to satisfy the amount of the GMAC Equitable Lien pursuant to and in accordance with a Settlement Agreement, a copy of which is attached hereto and the terms of which are herein incorporated into this Consent Judgment.

11. All parties shall bear their own costs in this cause.

12. GMAC shall record a memorandum of this final judgment in the Office of the Recorder of Deeds of Cook County, Illinois.

13. This cause is hereby dismissed without prejudice, with the Court to retain jurisdiction to enforce the terms of this Consent Judgment for six (6) months after such time the dismissal without prejudice shall convert to a dismissal with prejudice.


_Bernadine Wilbourn_    _12-21-2010_
Bernadine Wilbourn           Date

GMAC Mortgage, LLC

By:_____
Name/Title:_____     Date

_____
Peter Fricano                  Date

_____
Kelly E. McMullin          Date

_____
Kitty Jo McMullin          Date

6316068v1 869742

10. Plaintiff agrees to satisfy the amount of the GMAC Equitable Lien pursuant to and in accordance with a Settlement Agreement, a copy of which is attached hereto and the terms of which are herein incorporated into this Consent Judgment.

11. All parties shall bear their own costs in this cause.

12. GMAC shall record a memorandum of this final judgment in the Office of the Recorder of Deeds of Cook County, Illinois.

13. This cause is hereby dismissed without prejudice, with the Court to retain jurisdiction to enforce the terms of this Consent Judgment for six (6) months after such time the dismissal without prejudice shall convert to a dismissal with prejudice.


_____          _____
Bernadine Wilbourn                         Date

GMAC Mortgage, LLC

By: _____             _12/17/10_____
Name/Title: _Counsel  David Hagens_        Date


_____          _____
Peter Fricano                              Date


_____          _____
Kelly E. McMullin                          Date


_____          _____
Kitty Jo McMullin                          Date


4

10.    Plaintiff agrees to satisfy the amount of the GMAC Equitable Lien pursuant to and in accordance with a Settlement Agreement, a copy of which is attached hereto and the terms of which are herein incorporated into this Consent Judgment.

11.    All parties shall bear their own costs in this cause.

12.    GMAC shall record a memorandum of this final judgment in the Office of the Recorder of Deeds of Cook County, Illinois.

13.    This cause is hereby dismissed without prejudice, with the Court to retain jurisdiction to enforce the terms of this Consent Judgment for six (6) months after such time the dismissal without prejudice shall convert to a dismissal with prejudice.


_____          _____
Bernadine Wilbourn                       Date

GMAC Mortgage, LLC

By: _____
Name/Title: _____            _____
                                         Date
*Peter Fricano*
Peter Fricano                            12-20-10
                                         _____
                                         Date

_____          _____
Kelly E. McMullin                        Date

_____          _____
Kitty Jo McMullin                        Date


4

10.    Plaintiff agrees to satisfy the amount of the GMAC Equitable Lien pursuant to and in accordance with a Settlement Agreement, a copy of which is attached hereto and the terms of which are herein incorporated into this Consent Judgment.

11.    All parties shall bear their own costs in this cause.

12.    GMAC shall record a memorandum of this final judgment in the Office of the Recorder of Deeds of Cook County, Illinois.

13.    This cause is hereby dismissed without prejudice, with the Court to retain jurisdiction to enforce the terms of this Consent Judgment for six (6) months after such time the dismissal without prejudice shall convert to a dismissal with prejudice.


Bernadine Wilbourn                                    Date

GMAC Mortgage, LLC

By:
Name/Title:                                           Date


Peter Ericano                                         Date


Kelly E. McMullin                                     Date   12-21-10


Kitty Jo McMullin                                     Date   12-21-10


4                                    6316068v1 869742

Daniel P. Lindsey
LEGAL ASSISTANCE FOUNDATION OF
METROPOLITAN CHICAGO
111 West Jackson Blvd., 3rd Floor
Chicago, Illinois 60604
(312) 347-8360
Attorney No. 91017

ENTER:

_Joan H. Lefkow_
Judge

1-13-2011

5

6316068v1 869742

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement") is entered into between Bernadine Wilbourn ("Plaintiff"), GMAC Mortgage, LLC ("GMAC"), Peter Fricano ("Fricano"), and Kelly E. McMullin and Kitty Jo McMullin (together "The McMullins"). GMAC, Fricano, and The McMullins shall be referred to collectively as "Defendants." Plaintiff and Defendants shall be referred to collectively as "Parties" (with Plaintiff and each individual Defendant referred to as a "Party"). This Settlement Agreement is made with reference to the following Recitals and consists of the following Terms.

## RECITALS

1. Prior to November 14, 2006, Plaintiff was the owner of record of the real property located at 1042 N. Avers, Chicago, Illinois, Cook County PIN 16-02-311-025-0000 ("Property"). At a closing held on or about November 14, 2006, record title to the Property was transferred to Advantage Financial Partners ("AFP") via a Warranty Deed recorded on December 21, 2006 (Cook County Recorder of Deeds Doc. No. 0635511043).

2. At the closing, Plaintiff also signed documents including a Residence Lease providing for monthly lease payments, and an Option Rider to a Residential Real Estate Sales Contract giving Plaintiff the option to repurchase the home at any time within the next five years.

3. AFP subsequently transferred record title to the Property to The McMullins via a Warranty Deed recorded on April 10, 2007 (Cook County Recorder of Deeds Doc. No. 0710005167). To finance The McMullins' purchase of the Property from AFP, Bank United lent The McMullins the sum of $207,000 ("Loan") and, in exchange for that loan, The Mullins executed a promissory note in favor of Bank United in the amount of $207,000 and secured repayment of the promissory note with a mortgage on the Property. The mortgage was recorded on April 10, 2007 (Cook County Recorder of Deeds Doc. No. 0710005168) and was subsequently assigned to and now held by GMAC ("Bank United Mortgage").

4. Plaintiff alleges that she first learned that she had conveyed title in late 2008, at which time she stopped making monthly payments, and after which, on December 2, 2008, The McMullins filed an eviction action, McMullin v. Wilbourn, 08 M1 730920 ("Eviction Action").

5. On December 12, 2008, GMAC filed a foreclosure action against The McMullins, GMAC Mortgage, LLC v. Kelly E. McMullin, et al., 08 CH 46343, seeking to enforce the Bank United Mortgage ("Foreclosure Action").

6. On March 19, 2009, the Plaintiff, Bernadine Wilbourn, filed a Complaint to Quiet Title and For Other Relief in the Circuit Court of Cook County, Illinois,

<u>Bernadine Wilbourn v. Advantage Financial Partners, et al.</u>, Case No. 09 CH 12442 ("Quiet Title Action").

7.  Plaintiff moved to consolidate the Eviction Action into her Quiet Title Action. Said motion was granted and the Eviction Action was consolidated into the Quiet Title Action on April 2, 2009.

8.  On April 3, 2009, GMAC filed a Notice of Removal removing Plaintiff's Quiet Title Action to the United States District Court for the Northern District of Illinois based on federal court subject matter jurisdiction, namely, Plaintiff's claims brought under the federal Truth in Lending Act.

9.  Plaintiff's Quiet Title Action was accordingly removed to federal court, along with the Eviction Action consolidated thereinto. The Foreclosure Action remains pending in the Cook County Circuit Court.

10. It is the intent of the Parties hereto to settle all of the disputes raised by the above Quiet Title Action, Eviction Action, and Foreclosure Action (together "the Litigation"), according to the terms contained herein.

## TERMS

In consideration of the covenants and undertakings herein contained, the parties agree that the above recitals are true and correct and are hereby incorporated herein and further agree as follows:

1.  <u>Consent Judgment, Title, and Equitable Lien</u>. Together with or immediately upon execution of this Settlement Agreement, the Parties will move for the entry of a Consent Judgment, according to which the title conveyances set forth above will be declared void *ab initio*, with title being reestablished in Plaintiff, and with an equitable lien in Property in the amount of $90,000 being established and recognized to exist in favor of GMAC ("Equitable Lien").

2.  <u>Dismissal with Prejudice</u>. The Consent Judgment shall provide that the Quiet Title Action shall be dismissed without prejudice and the court shall retain jurisdiction for six (6) months after which time the dismissal shall convert from a dismissal without prejudice to a dismissal with prejudice. The conversion of the order dismissing the case with prejudice will not extinguish GMAC's right to initiate proceedings to foreclose its Equitable Lien pursuant to the Illinois Mortgage Foreclosure Law, 735 ILCS 5-15/1101 *et seq.*, as set forth more fully in paragraph 5 below.

3.  <u>Dismissal of Foreclosure Action</u>. Subsequent to entry of the Consent Judgment referred to above, GMAC will move immediately to dismiss

with prejudice the Foreclosure Action and will not seek a deficiency judgment against The Mullins arising out of nonpayment of their Loan.

4.   Payoff of Equitable Lien.  Plaintiff agrees to pay off the Equitable Lien by obtaining mortgage financing, or by selling the Property, or by such other means as she is able to arrange, any of the above which must be sufficient to satisfy the Equitable Lien in the amount of $90,000, said payoff to be made within ninety (90) days of the Effective Date of this Agreement.

5.   Foreclosure of Equitable Lien.  If Plaintiff does not pay off the Equitable Lien as provided above, the Equitable Lien shall commence accruing interest at the rate of five percent (5%) per annum and GMAC may initiate proceedings to foreclose its Equitable Lien pursuant to the Illinois Mortgage Foreclosure Law, 735 ILCS 5-15/1101 et seq.

6.   Agreed Reduction in Redemption Period. In the event GMAC, or its successor or assigns, initiates proceedings to foreclose its Equitable Lien, Plaintiff agrees that the shortened redemption period set forth in the Illinois Mortgage Foreclosure Law at 735 ILCS 5/15-1603(b)(3) shall apply such that the right to redeem of Plaintiff or her successors or assigns shall expire at the end of the later of ninety (90) days from the date the titleholder of record at the time of the foreclosure is served or the date sixty (60) days after the judgment of foreclosure is entered. Notwithstanding anything to the contrary in the paragraph or the statutory sections it refers to, Plaintiff acknowledges and agrees that she has no right to restatement pursuant to 735 ILCS 5/15-1602. In order to effectuate this reduction in redemption period, Plaintiff agrees that GMAC or its successors or assigns may file a copy of this Agreement with the Clerk of the Circuit Court of Cook County, Illinois. Additionally, Plaintiff agrees to sign such other documentation in such future foreclosure proceeding as is necessary in order to enforce this reduction in redemption period provision.

7.   Mutual Dismissal of Claims.  The Parties agree to dismiss with prejudice any and all claims alleged by one or more of the Parties against one or more of the other Parties.  Said dismissal will be held to apply to each Party and to each of its respective managers, members, officers, directors, employees, legal representatives, successors, and assigns, as regarding any conduct related to the matters which are the subject of the Litigation.  As necessary, the Parties shall cooperate in good faith to appear before each court and to submit each order required to obtain a final dismissal with prejudice of the Litigation.  The only claims between the Parties which will survive the execution of this Settlement Agreement and entry of the Consent Judgment will be claims to enforce the express terms thereof.

8.  Release of GMAC.  Except for the obligations and rights expressly set forth and reserved in this Agreement, Plaintiff, for and on behalf of herself and her present and future spouses (and common law spouses), children, parents, relations, successors, beneficiaries, heirs, next of kin, assigns, executors, administrators, and/or estate, or any and all other persons who could claim through her (collectively, the "Releasors"), hereby unconditionally and irrevocably remises, releases, forever discharges and covenants not to sue GMAC, and all entities related to GMAC, and each of their past, present and future directors, officers (whether acting in such capacity or individually), shareholders, owners, partners, joint venturers, principals, trustees, creditors, attorneys, representatives, employees, managers, parents, subsidiaries, divisions, subdivisions, departments, affiliates, predecessors, successors, and assigns, or any agent acting or purporting to act for them or on their behalf (collectively, the "Releasees"), from any and all claims, counterclaims, actions, causes of action, suits, set-offs, costs, losses, expenses, sums of money, accounts, reckonings, debts, charges, complaints, controversies, disputes, damages, judgments, executions, promises, omissions, duties, agreements, rights, and any and all demands, obligations and liabilities, of whatever kind or character, direct or indirect, whether known or unknown or capable of being known up until the Effective Date, arising at law or in equity, by right of action or otherwise, whether or not they could have been asserted in the Litigation, which Plaintiff may have against the Releasees up until the Effective Date, including without limitation, express or implied: (a) any and all claims for violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et. seq.* or its implementing regulations; (b) any and all claims for violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et. seq.*, or its implementing regulations; (c) any and all claims for unfair and/or deceptive trade practices; (d) any and all claims for common law fraud, consumer fraud or for fraudulent and/or predatory lending practices; (e) any and all claims for attorneys' fees and costs of any kind or nature, by statute or otherwise; (f) any and all claims that were or that could have been asserted in the Litigation; and (g) any and all claims that are relating to, concerning, or underlying the Property, the Bank United Mortgage, the Loan or the servicing or administration of the Loan.  It is the intention and effect of this release to discharge all claims that the Releasors have against the Releasees up until and including the date of the execution of this Agreement.

9.  Release of McMullins and Fricano.  Except for the obligations and rights expressly set forth and reserved in this Agreement, Plaintiff, for and on behalf of herself and her present and future spouses (and common law spouses), children, parents, relations, successors, beneficiaries, heirs, next of kin, assigns, executors, administrators, and/or estate, or any and all other persons who could claim through her (collectively, the "Releasors"), hereby unconditionally and irrevocably remises, releases, forever

discharges and covenants not to sue The Mullins and Fricano, and each of their respective present and future spouses (and common law spouses), children, parents, relations, successors, beneficiaries, heirs, next of kin, assigns, executors, administrators, and/or estates, or any and all other persons who could claim through them (collectively, the "Releasees"), from any and all claims, counterclaims, actions, causes of action, suits, set-offs, costs, losses, expenses, sums of money, accounts, reckonings, debts, charges, complaints, controversies, disputes, damages, judgments, executions, promises, omissions, duties, agreements, rights, and any and all demands, obligations and liabilities, of whatever kind or character, direct or indirect, whether known or unknown or capable of being known up until the Effective Date, arising at law or in equity, by right of action or otherwise, whether or not they could have been asserted in the Litigation, which Plaintiff may have against the Releasees up until the Effective Date, including without limitation, express or implied: (a) any and all claims for violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et. seq.* or its implementing regulations; (b) any and all claims for violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et. seq.*, or its implementing regulations; (c) any and all claims for unfair and/or deceptive trade practices; (d) any and all claims for common law fraud, consumer fraud or for fraudulent and/or predatory lending practices; (e) any and all claims for attorneys' fees and costs of any kind or nature, by statute or otherwise; (f) any and all claims that were or that could have been asserted in the Litigation; and (g) any and all claims that are relating to, concerning, or underlying the Property, the Bank United Mortgage, the Loan or the servicing or administration of the Loan. It is the intention and effect of this release to discharge all claims that the Releasors have against the Releasees up until and including the date of the execution of this Agreement.

10. <u>Further Cooperation</u>. As necessary, the Parties shall cooperate in good faith and take reasonable steps necessary to perfect the interests sought to be established by this Settlement Agreement. Such steps shall include but not be limited to those necessary to default others (non-Parties) named in the Litigation, and/or executing documents deemed necessary to effectuate the title and lien interests sought by the Parties through this Settlement Agreement, and/or executing documents in the nature of a payoff letter to be provided by GMAC to Plaintiff to facilitate a payoff of the Equitable Lien.

11. <u>Attorney's Fees and Costs of Enforcement</u>. Each Party shall bear its own attorney's fees and costs arising from the actions of its own counsel in connection with the Settlement Agreement and incurred prior to the Effective Date of the Settlement Agreement. In any action of any kind relating to the enforcement of the terms of this Settlement Agreement, all the costs and expenses (including reasonable attorney's fees) incurred by a

prevailing Party to enforce the terms of this Settlement Agreement shall be paid by the adverse Party in such proceedings, in addition to any other recovery to which the prevailing Party is so entitled.

12. <u>Entire Agreement and Complete Understanding</u>. This Settlement Agreement contains the entire agreement and complete understanding between the Parties with regard to the matters set forth herein, and supersedes all prior or contemporaneous oral or written understandings, agreements, statements, or promises.

13. <u>Modifications</u>. No alteration or modification of any provision of this Settlement Agreement shall be valid unless made in writing and signed by all Parties.

14. <u>Successor in Interest</u>. To the fullest extent possible, this Settlement Agreement shall apply to, be binding upon, and inure to the benefit of the executors, administrators, personal representatives, heirs, successors, and assigns of each Party.

15. <u>Severability</u>. If a court of competent jurisdiction rules that any one or more of the provisions of this Settlement Agreement are invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions of this Settlement Agreement, and this Settlement Agreement shall be construed as if it had never contained such invalid, illegal, or unenforceable provision.

16. <u>Representation of Comprehension of Document</u>. In entering into this Settlement Agreement, the Parties represent that they have relied upon the legal advice of counsel, who are counsel of the Parties' own choice, and that the terms of this Settlement Agreement have been completely read and explained to them by counsel, and that those terms are fully understood and voluntarily accepted. The Parties acknowledge that this Agreement is executed voluntarily by each of them, without any duress or undue influence on the part of, or on behalf of any of them.

17. <u>Warranty of Capacity to Execute Agreement</u>. All Parties represent and warrant that no other person or entity has or has had any interest in the claims, demands, obligations, or causes of action referred to in this Settlement Agreement, except as otherwise set forth herein, and that they have not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims, demands, obligations, or causes of action referred to in this Settlement Agreement. In the event that such representation is false and any such claim or matter is asserted against a Party by anyone who is the assignee or transferee of such a claim or matter, then the Party who assigned or transferred such claim or matter shall fully indemnify, defend and hold harmless the Party against whom such claim or matter is asserted

and its successors from and against such claim or matter and from all actual costs, attorneys' fees, expenses, liabilities and damages which that Party and its successors incur as a result of the assertion of such claim or matter.

18. <u>Warranty with Respect to Property</u>. Plaintiff and The McMullins respectively represent and warrant to the best of their knowledge that each has taken no action from the commencement of the Quiet Title Action to the present that could in any way affect title to the Property, specifically, there are:

   a. no deeds that have been executed to convey title to the Property;

   b. no unrecorded leases, contracts to purchase or options to purchase relating to the Property;

   c. no labor or material has been furnished for the Property within the last six months that is not fully paid;

   d. no lawsuits filed against the individual initialing this section which can result in a judgment being entered against that individual within the next thirty days or a memorandum of judgment being recorded against the Property within the next thirty days;

   e. there is no judgment notice or other instrument that can result in a judgment against them;

   f. no unrecorded tax liens or assessments relating to the Property; and

   g. no unrecorded easements to which the Property is subject.

In the event that any of the above representations are false and a third party asserts an interest in the Property, then the Party who assigned or transferred or otherwise caused the existence of such third party's alleged rights shall fully indemnify, defend and hold harmless the Party against whom such claim or matter is asserted and its successors from and against such claim or matter and from all actual costs, attorneys' fees, expenses, liabilities and damages which that Party and its successors incur as a result of the assertion of such claim or matter.   Initials: _B W_ ____

19. <u>Agreement Drafted by All Parties</u>. This Settlement Agreement is to be deemed and shall be construed as having been drafted by all Parties so that any rule which construes ambiguities against the drafter shall have no force or effect.

20. <u>Governing Law</u>. This Settlement Agreement shall be construed and interpreted in accordance with the laws of the State of Illinois. The Parties shall submit all disputes which arise under this Settlement Agreement to a state or federal court of competent jurisdiction located in Chicago, Illinois. The Parties acknowledge that the aforesaid courts shall have exclusive jurisdiction over this Settlement Agreement and specifically waive any claims, defenses, or arguments involving jurisdiction or venue, including but not limited to forum non conveniens.

and its successors from and against such claim or matter and from all actual costs, attorneys' fees, expenses, liabilities and damages which that Party and its successors incur as a result of the assertion of such claim or matter.

18. <u>Warranty with Respect to Property</u>. Plaintiff and The McMullins respectively represent and warrant to the best of their knowledge that each has taken no action from the commencement of the Quiet Title Action to the present that could in any way affect title to the Property, specifically, there are:

   a. no deeds that have been executed to convey title to the Property;

   b. no unrecorded leases, contracts to purchase or options to purchase relating to the Property;

   c. no labor or material has been furnished for the Property within the last six months that is not fully paid;

   d. no lawsuits filed against the individual initialing this section which can result in a judgment being entered against that individual within the next thirty days or a memorandum of judgment being recorded against the Property within the next thirty days;

   e. there is no judgment notice or other instrument that can result in a judgment against them;

   f. no unrecorded tax liens or assessments relating to the Property; and

   g. no unrecorded easements to which the Property is subject.

   In the event that any of the above representations are false and a third party asserts an interest in the Property, then the Party who assigned or transferred or otherwise caused the existence of such third party's alleged rights shall fully indemnify, defend and hold harmless the Party against whom such claim or matter is asserted and its successors from and against such claim or matter and from all actual costs, attorneys' fees, expenses, liabilities and damages which that Party and its successors incur as a result of the assertion of such claim or matter.

   Initials _____

19. <u>Agreement Drafted by All Parties</u>. This Settlement Agreement is to be deemed and shall be construed as having been drafted by all Parties so that any rule which construes ambiguities against the drafter shall have no force or effect.

20. <u>Governing Law</u>. This Settlement Agreement shall be construed and interpreted in accordance with the laws of the State of Illinois. The Parties shall submit all disputes which arise under this Settlement Agreement to a state or federal court of competent jurisdiction located in Chicago, Illinois. The Parties acknowledge that the aforesaid courts shall have exclusive jurisdiction over this Settlement Agreement and specifically waive any claims, defenses, or arguments involving jurisdiction or venue, including but not limited to forum non conveniens.

21.    <u>Use of Counterparts</u>.  This Settlement Agreement may be executed in counterparts, and, taken together, the counterparts, if any, shall constitute an original.  Signatures may be originals or transmitted by facsimile.

22.    <u>Effective Date</u>.  The Effective Date shall be defined as the date upon which each of the following has occurred: (1) each Party hereto or its counsel has executed this Settlement Agreement through signature on page 8 below; (2) entry of the Consent Judgment; and (3) dismissal with prejudice of the Foreclosure Action.

IN WITNESS WHEREOF, the Parties or their representative counsel hereby execute this Settlement Agreement.

_Bernadine Wilbourn_    12-21-2010
Bernadine Wilbourn    Date

GMAC Mortgage, LLC

By: _____
Name/Title: _____    Date

_____
Peter Fricano    Date

_____
Kelly E. McMullin    Date

_____
Kitty Jo McMullin    Date

21.  <u>Use of Counterparts</u>.  This Settlement Agreement may be executed in counterparts, and, taken together, the counterparts, if any, shall constitute an original.  Signatures may be originals or transmitted by facsimile.

22.  <u>Effective Date</u>.  The Effective Date shall be defined as the date upon which each of the following has occurred: (1) each Party hereto or its counsel has executed this Settlement Agreement through signature on page 5 below; (2) entry of the Consent Judgment; and (3) dismissal with prejudice of the Foreclosure Action.

IN WITNESS WHEREOF, the Parties or their representative counsel hereby execute this Settlement Agreement.

_____          _____
Bernadine Wilbourn                                     Date

GMAC Mortgage, LLC

By: _____          _12/17/10_____
Name/Title: _COUNSEL  David Hagens_        Date

_____          _____
Peter Fricano                                          Date

_____          _____
Kelly E. McMullin                                    Date

_____          _____
Kitty Jo McMullin                                    Date

21. <u>Use of Counterparts</u>. This Settlement Agreement may be executed in counterparts, and, taken together, the counterparts, if any, shall constitute an original. Signatures may be originals or transmitted by facsimile.

22. <u>Effective Date</u>. The Effective Date shall be defined as the date upon which each of the following has occurred: (1) each Party hereto or its counsel has executed this Settlement Agreement through signature on page 8 below; (2) entry of the Consent Judgment; and (3) dismissal with prejudice of the Foreclosure Action.

IN WITNESS WHEREOF, the Parties or their representative counsel hereby execute this Settlement Agreement.

_____        _____
Bernadine Wilbourn                      Date

GMAC Mortgage, LLC

By:_____        _____
Name/Title:_____        Date

_____        _____12-20-10_____
Peter Fricano                           Date

_____        _____
Kelly E. McMullin                       Date

_____        _____
Kitty Jo McMullin                       Date

21. <u>Use of Counterparts</u>. This Settlement Agreement may be executed in counterparts, and, taken together, the counterparts, if any, shall constitute an original. Signatures may be originals or transmitted by facsimile.

22. <u>Effective Date</u>. The Effective Date shall be defined as the date upon which each of the following has occurred: (1) each Party hereto or its counsel has executed this Settlement Agreement through signature on page 8 below; (2) entry of the Consent Judgment; and (3) dismissal with prejudice of the Foreclosure Action.

IN WITNESS WHEREOF, the Parties or their representative counsel hereby execute this Settlement Agreement.

_____        _____
Bernadine Wilbourn                                        Date

GMAC Mortgage, LLC

By: _____
Name/Title: _____        _____
                                                                      Date

_____        _____
Peter Fricano                                                Date

_____        _____
Kelly E. McMullin                                         Date    10-21-10

_____        _____
Kitty Jo McMullin                                        Date    10-21.10

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Bernadine Wilbourn, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09 CV 2068 |
| | ) | |
| Advantage Financial Partners, LLC; Randy | ) | Judge Lefkow |
| Rantz; Leonard Lombardo; Peter Fricano; | ) | |
| Kelly E. McMullin; Kitty Jo McMullin; | ) | Magistrate Judge Brown |
| GMAC Mortgage, LLC; Pedro Ramos d/b/a | ) | |
| PV General Contractors, Inc.; and Unknown | ) | |
| Owners, | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OF FIRST MORTGAGE LIEN</u>
## <u>BY EQUITABLE SUBROGATION</u>

On January 13, 2011, a consent judgment order was entered granting GMAC Mortgage,
LLC a valid and enforceable Equitable Lien in the amount of $90,000 arising out of the
satisfaction of the mortgage recorded on September 30, 1998, with the office of the Cook
County, Illinois Recorder of Deed as document number 98874770. A true and correct
copy of the January 13, 2011 order is attached as "Exhibit A". By virtue of the language
of that order, the Equitable Lien of $90,000 shall accrue interest at the rate of 5% per

Page 1 of 2

annum commencing on April 14, 2011. Prior to April 14, 2011, the Equitable Lien shall not bear interest.

The real estate affected is commonly known as 1042 N. Avers Ave., Chicago, Illinois and legally described as follows:

> LOT 7 IN BLOCK 3 IN THOMAS J. DIVAN'S SUBDIVISION OF THE WEST ½ OF THE SOUTHWEST 1/4 OF THE SOUTHWEST 1/4 AND THE EAST ½ OF THE NORTHWEST 1/4 OF THE SOUTHWEST 1/4 OF SECTION 2, TOWNSHIP 39 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

> PIN: 16-02-311-025-0000

The current record title holder of the real estate is Bernadine Wilbourn.

Should GMAC Mortgage, LLC or its successors or assigns commence a foreclosure action to enforce the Equitable Lien, Bernadine Wilbourn or her successors or assigns shall have no rights of reinstatement and any rights of redemption shall be shortened such that they do not exceed the periods set forth in the Illinois Mortgage Foreclosure Law at 735 ILCS 5/15-1603(b)(3), namely, the right to redeem shall expire at the end of the later of ninety (90) days from the date the titleholder is served or the date sixty (60) days after the judgment of foreclosure is entered.

_____
Judge                    Judge's No.

1-13-2011

**Drafted by and Return to:**
Carrie A. Dolan
Cohon Raizes & Regal LLP
Attorneys for GMAC Mortgage, LLC
208 S. LaSalle Street, Suite 1860
Chicago, IL 60604
(312)726-2252

Page 2 of 2